USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _______________
DATE FILED: 9/24/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAMINE CISSE,

Petitioner,

-v-

LADEON FRANCIS, *et al.*,

Respondents.

1:26-cv-8190-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

On September 19, 2026, Petitioner Lamine Cisse, proceeding *pro se*, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. Dkt. No. 1. The petition is signed—not by Mr. Cisse himself—but by Papa Waly Ndiaye. *Id.* at 10. Mr. Ndiaye asserts that Mr. Cisse has raised several grounds to challenge the detention *Id.* at 7–8.

Before the Court can consider the merits of the petition, the Court must first determine whether Mr. Ndiaye has standing to bring this action as "next friend" to Mr. Cisse. "Under 28 U.S.C. § 2241, an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended *or by someone acting in his behalf*." 28 U.S.C. § 2241 (emphasis added). This is commonly referred to as "next friend standing." "A 'next friend' does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).

Accordingly, the threshold question here is whether Mr. Ndiaye, who filed the habeas petition on Mr. Cisse's behalf "is in fact acting 'in his behalf.'" *Ross ex rel. Smyth v. Lantz*, 396 F.3d 512, 513 (2d Cir. 2005). "Important[ly] for present purposes, 'next friend' standing is by no means

granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore*, 495 U.S. at 163. Rather, "[t]he availability of next friend status is . . . subject to significant limitations." *Padilla v. Rumsfeld*, 352 F.3d 695, 703 (2d Cir. 2003), *rev'd and remanded on other grounds*, 542 U.S. 426 (2004). To determine whether Mr. Ndiaye has adequately demonstrated "next friend" standing, the Court looks to "at least two firmly rooted prerequisites." *Smyth*, 396 F.3d at 513 (quoting *Whitmore*, 495 U.S. at 163).

> First, a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and . . . must have some significant relationship with the real party in interest.

*Id.* at 514 (quoting *Whitmore*, 495 U.S. at 163–64). "The burden is on the 'next friend' . . . clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* (quoting *Whitmore*, 495 U.S. at 164).

The Court cannot conclude from the face of the petition that Mr. Ndiaye has standing to bring this action as next friend to Mr. Cisse. The Court also notes that the full text of the petition filed on September 19, 2026 is not available. At most, all the Court is able to read about their relationship is that Mr. Ndiaye has "known Mr. Cisse personally for 25 years." Dkt. No. 1 at 7. The Court requires more information to determine if Mr. Ndiaye has standing to bring this action as next friend to Mr. Cisse.

Mr. Ndiaye is ordered to submit a sworn affidavit setting forth the factual bases for the Court to conclude that he has next friend standing to file a petition on behalf of Mr. Cisse no later than September 30, 2026. The petitioner is also directed to submit a complete, fully legible version of the petition no later by September 30, 2026. The Court directs the Clerk of Court to mail a copy

of this order to Petitioner at the address listed on the docket sheet for this action and to email a copy of this order to Mr. Ndiaye at the address listed on the docket sheet for this action.

SO ORDERED.

Dated: September 24, 2026
New York, New York

GREGORY H. WOODS
United States District Judge